The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on October 16, 2012, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: October 16, 2012**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 12-17433 |
| | ) | |
| ANTHONY A. O'BRIEN, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

MEMORANDUM OF OPINION[1]

On October 10, 2012, Anthony A. O'Brien ("Debtor") filed his most recent bankruptcy case in violation of the 180-day filing bar imposed under 11 U.S.C. § 109(g)(2). For the following reasons: (1) this case is dismissed with a new 180-day filing bar, and (2) pursuant to 11 U.S.C. § 362(c)(4), the automatic stay shall not apply to any new bankruptcy case filed by Debtor before July 17, 2013.

---

[1]This opinion is not intended for official publication.

## BACKGROUND AND PROCEDURAL HISTORY

On February 22, 2012, Debtor filed a Chapter 13 voluntary petition (Case No. 12-11174). The next day, February 23, 2012, creditor Darcy B. Schwartz ("Creditor") filed a motion for relief from stay, which the Court granted on March 19, 2012. On July 17, 2012, the Court granted Debtor's motion voluntarily dismissing his case. Because Debtor requested and obtained voluntary dismissal of his case after a motion for relief from stay was filed, that dismissal automatically resulted in a 180-day filing bar. *See* 11 U.S.C. § 109(g)(2). On October 10, 2012, Debtor filed his current case in violation of the 180-day filing bar.

## JURISDICTION

This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2) and 1344(b), which falls within the jurisdiction granted to this Court pursuant to Local General Order No. 2012-7, dated April 4, 2012.

## DISCUSSION

Bankruptcy Code subsection 109(g)(2) provides:

> Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if -
>
> . . .

> (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109(g)(2).

In *In re Andersson*, 209 B.R. 76 (B.A.P. 6th Cir. 1997), the Bankruptcy Appellate Panel of the Sixth Circuit affirmed the bankruptcy court's dismissal of a case filed in violation of subsection 109(g) and imposition of a new 180-day filing bar. *See In re Andersson*, 209 B.R. 76. Debtor filed his most recent case in violation of the filing bar imposed by subsection 109(g)(2). Accordingly, this case will be dismissed with the imposition of a new 180-day filing bar.

In addition, while 11 U.S.C. § 1112(b) provides for notice and an opportunity for a hearing when a bankruptcy court dismisses a case for cause, the Court believes that notice and a hearing are unnecessary regarding this particular dismissal for violation of subsection 109(g)(2). The record before the Court indicates that Debtor filed this case in violation of a 180-day filing bar, making Debtor ineligible to file for protection under the Bankruptcy Code. Furthermore, 11 U.S.C. § 105(a) provides, in pertinent part:

> No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Therefore, providing notice and a hearing serves no purpose under the circumstances of this case.

Finally, the Court notes that, pursuant to 11 U.S.C. § 362(c)(4), the automatic stay provided by 11 U.S.C. § 362(a) shall not go into effect if a debtor had two or more pending cases dismissed within the previous year. Given Debtor's dismissal of Case Number 12-11174 on July 17, 2012, and the dismissal of the current case, Debtor will have two dismissals within a twelve-month period. Therefore, pursuant to 11 U.S.C. § 362(c)(4), any new case which Debtor files before July 17, 2013, will not trigger the automatic stay.

## CONCLUSION

For the reasons stated above: (1) this case is dismissed with a new 180-day filing bar, and (2) the automatic stay provided by 11 U.S.C. § 362(a) shall not apply to any bankruptcy case filed by Debtor before July 17, 2013.

IT IS SO ORDERED.